## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:13-cv-01073-RPM-KMT

_____AMBER DIMMICK_____, Plaintiff,

v.

_____VIRTUOSO SOURCING GROUP, LLC_____, Defendant

_____
## AMENDED COMPLAINT
_____

# INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiff Amber Dimmick, an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; and violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* (hereinafter ''EFTA''), which prohibits financial institutions and their agents from illegally withdrawing unauthorized amounts from consumers' bank accounts.

# PARTIES

2.  Plaintiff Amber Dimmick (hereinafter "Amber") is a consumer, a natural person allegedly obligated to pay any debt, and a citizen of the United States of America who presently resides in the following County, in the following state: Larimer County, in the state of Colorado.

3. Defendant Virtuoso Sourcing Group (hereinafter "Defendant VSG") is a citizen of the United States of America and is a collection agency and corporation engaged in the business of collecting debt in this state with its principal place of business located in the following County, in the following state: Arapahoe County, in the state of Colorado.

4.  Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect,

directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

Jurisdiction is asserted pursuant to the following statutory authorities:

6. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here. Because Defendant transacts business here, personal jurisdiction is established.

**FACTUAL ALLEGATIONS**

Case background:

8.  Sometime before 2013, Plaintiff, Amber Dimmick, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Amber.

10.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  The EFTA and the regulations promulgated thereunder require that financial institutions, such as debt collection agencies, only initiate automated electronic fund transfers from a consumer's bank account when expressly authorized.  Financial institutions is as defined under 15 U.S.C. § 1693a(8), and Defendant qualifies as a financial institution.

12.  All debt collectors, including Defendant, are prohibited from unilaterally initiating electronic fund transfers from a consumer's bank account without said authorization.

11. Defendant then within one year prior to the filing of this complaint, began contacting Amber and placing collection calls to Amber prior to April 23, 2013; seeking and demanding payment for an alleged consumer debt owed under an account number.

12. Upon information and belief, within one year prior to the filing of this complaint, Defendant sent Amber a letter, on March 8, 2013, memorializing an earlier conversation it had with her over the telephone, in which she authorized it to make a one-time ACH Debit of $139.63. Amber only authorized this amount, as it was all she could afford to do at the time. This pre-authorized electronic fund transfer is as defined under 15 U.S.C. § 1693a(9).

13. Upon information and belief, on March 18, 2013, Defendant withdrew the authorized amount, and then a second, additional, unauthorized amount from Plaintiff's account in the amount of $139.63, in violation of both the FDCPA and EFTA, without Plaintiff's express oral or express written consent. Defendant's illegal conduct caused Plaintiff's bank account to overdraft.

14. Defendant was required to obtain from the Plaintiff written authorization to initiate the above referenced unauthorized second electronic fund transfer which it did not obtain.

15. Upon information and belief, Plaintiff did not provide Defendant with written or verbal authorization to initiate the above referenced unauthorized second electronic fund transfer.

16. Defendant failed to provide the Plaintiff with reasonable advance notice of Defendant's intent to try to initiate a second electronic fund transfer from Plaintiff's bank account.

17. Upon information and belief, Defendant's unauthorized conduct invaded her privacy by intruding upon her seclusion and interfering with her private affairs.

## SUMMARY

18. All of the above-described collection communications and unauthorized withdrawals from her bank account made to and in regards to Plaintiff Amber Dimmick by this individual Defendant and other collection employees employed by Defendant Virtuoso Sourcing Group, LLC were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein, and it also invaded her privacy, and violated the EFTA; including but not limited to all of the provisions of the EFTA cited herein.

19. The above-detailed conduct by this Defendant of harassing Amber in an effort to collect this debt was a violation of multiple provisions of the FDCPA and EFTA, including but not limited to all of the above mentioned provisions of the FDCPA and EFTA, and it also invaded her privacy, by intruding upon her seclusion and interfering with her private affairs.

20. As a result of the acts alleged above, Defendant caused Amber to become very upset because of the illegal manner in which this debt was collected by this Defendant.

21. Amber suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions.

22. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Amber.

## RESPONDEAT SUPERIOR LIABILITY

23. The acts or omissions of this individual Defendant, and the other debt collectors employed as agents by Defendant Virtuoso Sourcing Group, LLC who communicated with Plaintiff Amber Dimmick as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Virtuoso Sourcing Group, LLC.

24. The acts and omissions by this individual Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Virtuoso Sourcing Group, LLC in collecting consumer debts.

25. By committing these acts and omissions against Amber, this individual Defendant and these other debt collectors were motivated to benefit their principal, Defendant Virtuoso Sourcing Group, LLC.

26. Defendant Virtuoso Sourcing Group, LLC is therefore liable to Amber through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and EFTA, in their attempts to collect this debt by communicating with Amber and taking unauthorized amounts from her bank account.

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

27. Amber repeats, realleges, and incorporates the averments contained in all of the above paragraphs of her complaint as though fully set forth herein.

28. Defendant violated the FDCPA. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Amber:

> i. Defendant violated *§1692d* of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the foregoing[;] and

> ii. Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt.

      iii.  Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

      iv.  Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

29. Defendant's acts as described above were done intentionally with the purpose of coercing Amber to pay the alleged debt.

30. As a result of the foregoing violations of the FDCPA, Defendant is liable to Amber for actual damages, statutory damages, and costs and attorney fees.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

31. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Congress enacted the EFTA to protect individual consumer rights by "providing a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b).  In order to be covered by the EFTA, electronic

fund transfers must (1) involve a transfer of funds, (2) that is initiated by electronic means, and (3) debits or credits a consumer account. Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1328 (7th Cir. 1997).

33.  The foregoing acts and omissions of Defendant and its agents constitute violations of the EFTA including, but not limited to, each and every one of the provisions of the EFTA, 15 U.S.C. § 1693 et seq., cited above, and below, with respect to Plaintiff:

> (a)  Defendant violated *§1693h(a)(1)* of the EFTA by failing to make an electronic fund transfer, in accordance with the terms and conditions of an account[.]

34.  As a result of the foregoing violations of the EFTA, Defendant is liable to Plaintiff for actual damages pursuant to 15 U.S.C. § 1693m, statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1693m, and reasonable costs and attorney fees pursuant to 15 U.S.C. § 16923m, from Defendant herein.

## THIRD CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

35.  Plaintiff Amber Dimmick repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Congress explicitly recognized the importance of protecting consumer's rights in the participation of electronic fund and remittance transfer systems in passing the Electronic Funds Transfer Act, when it stated as part of its findings:

> It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems. **The primary objective of this subchapter, however, is the provision of individual consumer rights.**

15 U.S.C. § 1693(b) (emphasis added).

37. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

38. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by unlawfully collecting a second unauthorized fund amount in an unauthorized manner from the Plaintiff's bank account, without the express authorization of Plaintiff, and without Defendant having been given any reason to believe that it would be acceptable; thereby invading Plaintiff's privacy.

39. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, private concerns and affairs.

40. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in an intrusion and invasion of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

41. Defendant's acts as described above was done intentionally and/or negligently with the purpose of getting payment on Plaintiff's alleged debt.

42. As a result of such intrusion and invasion of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from Defendant.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, intentional and/or negligent EFTA damages, and the invasion of Plaintiff's privacy, in an amounts to be determined at trial and for Plaintiff.

B.  Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C.  Statutory damages of $1000.00 from Defendants for each Plaintiff pursuant to the 15 U.S.C. § 1693m(a)(2)(A).

D.  Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to both 15 U.S.C. § 1692k(a)(3), and 15 U.S.C. § 1693m(a)(3).

E.  For such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**  US Const. amend. 7. Fed.R.Civ.P. 38.

Dated:  April 30, 2013

RESPECTFULLY SUBMITTED,
Consumer Rights Law Firm, PLLC
By: /s/ Kevin Crick
Kevin Crick, Esq.
Consumer Rights Law Firm, PLLC
300 Brickstone Square, Suite 902
Andover, Massachusetts 01810
Telephone: (978) 212-3300
Fax: (978) 409-1846
Email: kevinc@consumerlawfirmcenter.com
Attorney for Plaintiff Amber Dimmick